UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>JAIME PERALES-FLORES,<br><br>             Defendant. | NO. CR-05-6049-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL** |

On November 16, 2005, Defendant was charged with being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. (Ct. Rec. 1.) On Friday, January 20, 2006, Defendant's trial on this charge began, at which time a jury of thirteen members was selected and sworn. The Government presented its evidence and rested. Defendant then orally moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal arguing the Government had failed to prove illegal reentry, a necessary element of the crime charged. After careful review of the evidence, admitted exhibits, and the cases cited in support, the Court granted Defendant's Rule 29 motion for the reasons stated on the record. This Order memorializes and supplements that ruling.

In support of the Rule 29 motion, defense counsel submitted evidence that Defendant had been convicted of violating § 1326 in 2000 and noted the absence of a Warrant of Deportation following that conviction. Defendant then argued that Exhibit 1, the Warrant of Deportation

ORDER ~ 1

following an even earlier § 1326 conviction, occurring in 1996, cannot be used to prove illegal reentry in this case because the Government was required to prove Defendant reentered the United States following his § 1326 conviction in 2000.  Therefore, as Defendant argued, because the Government offered no evidence to support a finding that Defendant had left the United States following his 2000 conviction, it failed to prove Defendant's presence in the United States, as charged in the instant indictment, was the result of an illegal reentry.  In support of this analysis, Defendant cited *United States v. Meza-Villarello*, 602 F.2d 209 (9th Cir. 1979), *United States v. Romo-Romo*, 246 F.3d 1273 (9th Cir. 2001), and *United States v. Bahena-Cardenas*, 411 F.3d 1067 (9th Cir. 2005).

In *Meza-Villarello*, the defendant was deported in 1971 and was thereafter convicted in 1975 and 1979 of violating § 1326. 602 F.2d at 210.  During an appeal of his 1979 conviction, the defendant argued the government was required to prove he was deported after each of the two § 1326 convictions to avoid a double jeopardy violation. *Id.*  The Ninth Circuit rejected this assertion, holding that the Government is not required to prove deportation following a prior § 1326 conviction to prove a subsequent § 1326 violation, but instead, need only prove that the defendant had been outside of the United States following the prior § 1326 conviction. *Id.* at 211. Thus, because the defendant had admitted crossing the United States-Mexico border subsequent to his 1975 conviction, adequate evidence had been presented to find the defendant had illegally reentered the United States. *Id.*  Without reaching the defendant's double jeopardy challenge, the Ninth Circuit ruled the trial

ORDER ~ 2

court had not erred in declining to give defendant's double jeopardy instruction and upheld the 1979 conviction. *Id.*

In *Romo-Romo*, the Ninth Circuit reversed a § 1326 conviction because the district court had erred by instructing the jury that the defendant did not actually have to leave the United States to be convicted under § 1326. 246 F.3d at 1277. There the defendant testified that though the Warrant of Deportation and the testimony of the INS[1] officer was that he had been deported, the defendant had actually hidden and not crossed the United States border into Mexico as testified to by the INS officer. *Id.* at 1273. The Ninth Circuit held the Government must prove the defendant had been out of the United States to prove he illegally reentered, citing, among other cases, *Meza-Villarello*. *Id.* at 1276. Accordingly, the case was remanded for a new trial with correct instructions, in which the jury would determine who to believe on the issue of whether the defendant had actually left the United States. *Id.* at 1277.

In *Bahena-Cardenas*, the defendant argued it was *Crawford* error to admit in evidence the Warrant of Deportation, which contained the statement by a non-testifying agent that he had witnessed the defendant crossing the United States border into Mexico. 411 F.3d at 1074. According to the defendant, if the Warrant of Deportation had been excluded, there would have been no evidence he had been removed from the United States and consequently, a failure to prove the defendant had illegally reentered. *Id.* While reaffirming the *Romo-Romo* holding, the Ninth Circuit held a Warrant of Deportation is not "testimonial" evidence

---

[1] Now the Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security.

ORDER ~ 3

"because it was not made in anticipation of litigation, and because it is simply a routine, objective, [sic] cataloging of an unambiguous factual matter." *Id.* at 1075. Whatever the merits of this holding, the requirement that the Government must prove absence from the United States in order to prove an illegal reentry was reaffirmed.

With these principles governing the issue at bar and in view of the absence of any evidence that Defendant Perales-Flores had been outside of the United States following his 2000 § 1326 conviction, the Court finds the Government failed to prove an essential element of the crime charged: that Defendant had left the United States after being convicted under § 1326 in 2000. Absent proof of Defendant's departure from the United States, there can be no new conviction for illegal reentry under § 1326.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Rule 29 Motion for Judgment of Acquittal is **GRANTED** and Defendant's case is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel, the Probation Office, and the U.S. Marshal.

**DATED** this ___27th___ day of January, 2006.


                              S/ Edward F. Shea
                                EDWARD F. SHEA
                        United States District Judge

Q:\Criminal\2005\6049.dismissal.wpd

ORDER ~ 4